**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Case No.

FARAHNAZ HREBENAR, individually and on Behalf of all similarly situated,

Plaintiff,

vs.

DAVIS YULEE, LLC d/b/a DAVIS CHRYSLER DODGE JEEP RAM OF YULEE,

Defendant.
______________________________/

**NOTICE OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Davis Yulee, LLC d/b/a Davis Chrysler Dodge Jeep Ram of Yulee, LLC. ("Defendant") hereby removes this action from the Circuit Court of the Fourth Judicial Circuit in and for Nassau County, Florida, and styled as Case No. 52022CA000060CAAXYX (the "State Court Action"), to the United States District Court for the Middle District of Florida, Jacksonville Division. In support of removal, Defendant states as follows:

## I. BACKGROUND

1. On February 25, 2022, Plaintiff Farahnaz Hrebenar ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative

class action by filing a Class Action Complaint ("Complaint") against Defendant. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On March 10, 2022, Defendant was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as **Exhibit C**.

4. The Complaint alleges that Defendant sent telephonic sales calls to Plaintiff and putative class members in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 and Senate Bill No. 1120 (Ex. A ¶¶ 1–2).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Pizza Hut.

6. Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II. VENUE

7. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Nassau County, Florida, the location where the State Court Action is pending.

## III. JURISDICTION

8. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A. This Action Meets the "Class Action" Definition Under CAFA

9. The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

10. Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action. . . .")

11. Plaintiff also asserts that he seeks to represent a class, defined as:

> **All persons in Florida and/or Florida residents who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

(Ex. A ¶ 40).

**B. The Putative Class Exceeds 100 Members**

12. Defendant has submitted a declaration in support of its notice of removal that demonstrates that at least one hundred (100) persons in Florida and/or Florida residents received SMS text messages from Defendant regarding good and/or services after July 1, 2021 and April 5, 2022. (**Exhibit D**, Declaration of Angelo Fanelli, ¶ 6).

13. Further, Plaintiff filed a Motion for Class Certification in the State Court Action that states, "Plaintiff is informed and believes that the classes of persons affected by Defendant's unlawful acts consists of at least 100 persons." (Ex. C.).

14. Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

**C. The Action Meets CAFA's Minimal Diversity Requirement**

15. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one

[1] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, Defendant denies that this action ultimately will prove appropriate for class treatment.

plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

16. "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D)

17. Plaintiff alleges that she is a citizen of Florida. (Ex. A ¶ 5).

18. However, at least one member of Plaintiff's proposed class is a non-Florida resident who received SMS text messages from Defendant for the purpose of soliciting a sale of consumer goods or services. *See* (Ex. D,¶ 7**).**

19. Defendant is a limited liability company, incorporated in Florida with its principal place of business in Yulee, Florida. (Ex. A ¶ 7; Ex. D, ¶ 3).

20. The members of Davis Yulee are Richard A. Davis Revocable Trust Dated April 24, 2008, and Shannon B. Davis Revocable Trust Dated April 24, 2008 (collectively, the "Trusts"). Richard A. Davis and Shannon B. Davis are the Co-Trustees of the Trusts, and residents of Alachua County, FL. The beneficiaries of the Trusts are the minor children of the Co-Trustees, and also reside in Alachua County, FL.

21. Accordingly, both members of Davis Yulee are citizens of Florida. *See Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.,* 374 F.3d 1020, 1022

(11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); *see also* Ex. D, ¶ 3).

22. Thus, the minimal diversity requirement of CAFA is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

**D. <u>This Action Meets CAFA's Amount-in-Controversy Requirement</u>**

23. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

24. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to

recover.”) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

25. To satisfy this requirement, “a defendant’s notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.” *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

26. Nevertheless, Defendant has submitted a declaration in support of its notice of removal that demonstrates that amount in controversy requirement is satisfied. *See* Ex. D; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.32`d 744, 755 (11th Cir. 2010) (To establish the amount in controversy, “[d]efendants may introduce their own affidavits, declarations, or other documentation[.]”); *id.* at 756 (noting that “declaration by itself” can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce “detailed, sales-record-by-sales-record proof” regarding the amount in controversy).

27. When determining whether the $5,000,000 threshold has been surpassed, “a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence.” *Anderson*,

943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

28. To that end, Plaintiff's Complaint seeks declaratory and injunctive relief, statutory damages, and attorneys' fees and costs. (Ex. A, Prayer for Relief). The damages sought by Plaintiff are set forth by the FTSA, which provides for "actual damages or $500, whichever is greater." (Senate Bill No. 1120 (amending Flat. Stat. § 501.059 (10)(a)). Additionally, if the court finds that the defendant willfully or knowingly violated this the FTSA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under the FTSA. (*id.* (amending Fla. Stat. § 501.059 (10)(b)). The statute of limitations for an FTSA claim is four years, but the FTSA only became effective on July 1, 2021. (Fla. Stat. § 95.11(3)(f))

29. Business records available to Defendant reflect that since the FTSA became effective, more than 30,000 text messages were sent to persons likely in Florida and/or Florida residents regarding Defendant's goods and/or services using the same equipment or type of equipment utilized to call Plaintiff. *See* (Ex. D,¶ 8).

30. Since Plaintiff seeks to recover for each class member the maximum statutory damages of $500 for each call, the aggregated sum of alleged statutory damages alone substantially exceeds $5,000,000. Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" his demand places in

controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

## IV. NOTICE

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

32. A copy of the civil cover sheet is attached hereto.

## V. RESERVATION OF RIGHTS

33. As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action. By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint, any and all rights to compel arbitration, and

any and all grounds in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

34. No statement in this Notice of Removal should be construed as an admission the Complaint's allegations have merit or are sufficient to state a claim. Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is entitled to relief.

## VI. CONCLUSION

WHEREFORE, Davis Yulee LLC d/b/a Davis Chrysler Dodge Jeep Ram of Yulee respectfully requests that this matter be removed to the United States District Court for the Middle District of Florida and that this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

DATED: April 8, 2022.

Respectfully submitted

By:/s *Brandon T. White*

Brandon T. White
Florida Bar No. 106792
brandon.white@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue Suite 3300
Miami, FL 33131
Tel: (305) 374-8500

***Attorneys for Davis Yulee LLC d/b/a Davis Chrysler Dodge Jeep Ram of Yulee***